ALFONSO O. CALDERÓN ET AL., Plaintiffs and Appellees, *v.*
PUERTO RICO MILK INDUSTRY REGULATION ADMINISTRATION ET AL., Defendants and Appellants.

No. CE-66-55.     Decided June 23, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellants. *Juan A. Faría* and *Félix Ochoteco, Jr.,* for appellees.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

### JUDGMENT

The Superior Court, San Juan Part, relying on the ground that the function of the Administrator of the Milk Industry Regulation with respect to the determination of the reasonable price of fresh milk at the level of the producer is one of adjudication and not of investigation, concluded that the Administrator erred in establishing as a rule for public hearings held in the present case that "cross-examination of the witnesses who testify therein shall not be allowed, provided, however, that cross-examination of those persons testifying for the Office of the Administrator shall be permitted, the Administrator reserving the right to cross-examine any deponent presented."

Act No. 34 of June 11, 1957, 5 L.P.R.A. § 1092 *et seq.*, is an embracing piece of legislation which regulates the functions of the Milk Industry Administrator. By means of this Act the Legislative Assembly delegates the function of regulating the production and distribution of milk. In order to discharge these functions the Legislative Assembly authorized the Administrator to carry out investigations. To accomplish this, it is necessary to hold hearings. It is his duty to gather all the information necessary to regulate the milk industry. The regulation authorized is most ample. It practically covers all the aspects of the industry, among others, "fix minimum and maximum prices for milk, including milk surplus and milk by-products, in all or any of the channels and levels of distribution." In these hearings the Administrator shall receive all the necessary information to accomplish his mission. The statute provides that "in the discharge of the duties imposed by this Act and in the exercise of the powers hereby conferred upon him, the Administrator may subpoena witnesses and compel the presentment of economic data or information deemed by him necessary for the administration of this act." It is clear that his function is not one of adjudication but quasi-legislative.

The rule adopted by the Administrator has the obvious purpose of accelerating the investigation, since the hearings could be prolonged indefinitely if each and every witness would have the right to cross-examine each and every person appearing to testify. The rule guarantees to the producers their right to cross-examine the witnesses presented by the Administrator with the data that he has gathered from the study which the law provides should be carried out by him.[1]

---

[1] The rule adopted by the Administrator is much more liberal than the regulation existing for the minimum wage committees. The rule applicable to the minimum wage committees provides:

"In the exercise of its quasi-legislative functions, the committee shall conduct the hearing in the fashion of a public consultation so that all

In any event the producers have the opportunity, through the introduction of evidence, to rebut any information which may be furnished by persons appearing to testify. See, *Abbots Dairies* v. *Armstrong*, 102 A.2d 372 (N.J. 1954); Fuchs, *Administrative Rule-Making*, 52 Harv. L. Rev. 259 (1938); Davis, Administrative Law Treatise 382, § 606 (1958).

The judgment rendered by the Superior Court, San Juan Part, on November 7, 1966 is reversed and the case remanded for further proceedings.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

> (s) LUIS NEGRÓN FERNÁNDEZ
> *Chief Justice*

I attest:

> (s) JOAQUÍN BERRÍOS
> *Clerk*

---

interested persons may participate in the working out of a decree by submitting pertinent data, information, remarks or arguments, which may, in the discretion of the committee, be presented either in writing or orally. In the public hearings only the committee members may examine the persons giving testimony. Any question that an interested party attending the hearing may want to ask a person giving testimony may be made with the consent of the committee or through it. The committee may ask any person giving testimony to file a memorandum containing the fundamental details of his testimony, but in such memorandum no matter that has not been presented or discussed in the course of the oral testimony rendered shall be included."